**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

MATHEW RICE,

Plaintiff,

vs.

FIFTH THIRD BANK,N.A., et al.,

Defendants.

Case No. 1:26-cv-00435

Byrne, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff brings this *pro se* action against Fifth Third Bank and Fifth Third Investments. By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of plaintiff's complaint and amended complaint to determine whether the complaint and amended supplement, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B).[1]

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized

---

[1] Plaintiff filed a motion to amend the complaint on August 6, 2026. (See Doc. 14). Plaintiff appears to assert that the amended complaint is meant as a supplement to the initial complaint. Id. Plaintiff's initial complaint has not yet been served. As such, Plaintiff is permitted to amend as a matter of course without seeking leave of court. See Fed. R. Civ. P. 15 (a)(1).

federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are fantastic or delusional in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915 (e)(2)(B)(ii). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Here, Plaintiff's complaint asserts that in October 2010 he made an investment of $160 at Fifth Third Bank in Covington, KY. He alleges that in 2024 an investment representative from Fifth Third induced him to sign papers through false statements about the investment's value. He then contends that in May 2025, Defendants denied records of the 2010 investment and the July 2024 papers. In light of the foregoing, Plaintiff asserts three claims of relief: negligence, fraudulent concealment, and breach of fiduciary duty. For relief, Plaintiff seeks an unspecified amount of compensatory damages, void of the July 2024 papers and punitive damages. Plaintiff alleges subject matter jurisdiction based on diversity jurisdiction.

Upon review, the undesigned finds that Plaintiff's complaint fails to properly allege subject matter jurisdiction. In this regard, the complaint fails to establish diversity jurisdiction or any other cognizable claim under federal law. Notably, for a court to exercise diversity jurisdiction, the amount in controversy must exceed $75,000 and complete diversity of citizenship must exist. 28 U.S. Code § 1332. Complete diversity of citizenship occurs when no plaintiff and defendant are domiciled in the same state. In determining whether diversity jurisdiction exists, a corporation is considered to be a citizen of both its state of incorporation and its principal place of business. Id. Here, although there appears to be complete diversity of citizenship, the complaint seeks "compensatory damages" but does not specify an amount or an amount exceeding $75,000.

Even assuming Plaintiff could establish diversity jurisdiction, the complaint fails to state a claim for relief. As noted above, Plaintiff's complaint asserts three claims of error, negligence, fraudulent concealment, and breach of fiduciary duty. However, the complaint does not allege sufficient facts to connect either or both defendants' conduct to the essential elements of those claims. Although plaintiff refers to investment advice, an allegedly false statement, and the signing of papers, he does not adequately explain the transaction at issue, the substance of the alleged deception, the obligations undertaken by each defendant, or how the challenged conduct caused his injury. His fraud allegations additionally fail to describe the circumstances of the alleged fraud with the particularity required by Fed. R. Civ. P. 9(b).

Accordingly, for these reasons, it is therefore **RECOMMENDED** this action be **DISMISSED** without **PREJUDICE** for lack of subject matter jurisdiction and for failure to

state a claim for relief. It is further **RECOMMENDED** that the Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny Plaintiff leave to appeal *in forma pauperis*.

*s/ Stephanie K. Bowman*
Stephanie K. Bowman
Chief United States Magistrate Judge

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).